358 P.2d 91

Arthur CLAYTON et al., Plaintiffs and Appellants,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS, Defendant and Respondent.

No. 9105.

Supreme Court of Utah.

Dec. 22, 1960.

Hanson, Baldwin & Allen, Salt Lake City, for appellants.

Clarence M. Beck, A. Park Smoot, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

The plaintiffs as individual members of the Teamsters Local Union No. 222 brought action against the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers to compel dissolution of a trusteeship under which Local 222 had been operated since 1941 and for an accounting. Summons was served and the return certified that it had been served upon the defendant International by "delivering to and leaving with F. H. Latter, its Secretary-Treasurer, a true copy. * * *"

After a hearing thereon, the trial court granted a motion to quash service of summons from which plaintiffs have brought this appeal.

The issue before the court below, and on this appeal, is whether the operations of the defendant International and Mr. Latter's relationship to it were such that jurisdiction could be acquired over it by serving him with summons.[1]

We heretofore issued an opinion holding that the defendant was amenable to process through Mr. Latter based in part on documentary evidence, particularly Mr. Latter's deposition and the constitution of the defendant. Our attention having been called to the fact that while these documents were physically in the record before this court, they had not been formally introduced in evidence below, that opinion was withdrawn.

In regard to the deposition, this is to be said: that the purpose for which it was taken related to the issue above stated and the motion to quash the summons; that it is shown in the record that counsel for both sides had copies of the deposition in court at the hearing, and that it was referred to and used in examining Mr. Latter, the only witness called; that it was not formally published nor offered in evidence; but the plaintiffs specifically designated it as a part of the record on appeal; and that the defendant made no objection to such designation, nor any motion to strike it from the record; and even though the plaintiffs quoted extensively from said deposition in their brief, the defendant did not in its brief, or in any manner, directly call the attention of this court to the fact that it had not been introduced in evidence until the oral argument at which time defendant's counsel did so state. A generally similar controversy exists with respect to

1. See Rule 4(e) (4) U.R.C.P.

the defendant's constitution, which also was not formally introduced in evidence. Defendant urges that if the deposition of Mr. Latter and its constitution, which were not received in evidence, and which it asserts were not considered by the trial court, are to be considered in connection with the issue involved, certain explanatory evidence should be presented.

Without determining whether under the circumstances shown the defendant should be deemed to have waived objection to the documents being considered as a part of the record before us, or further detailing the contentions of the parties, we deem it sufficient to say that in view of the dispute and uncertainty that exists with respect to these matters, the interests of justice require that the case be returned to the district court for further proceedings: that the parties should then be allowed to present whatever competent evidence they desire so that court will be fully advised of all relevant facts and thus enabled to make its findings thereon and its determination of the issue hereinabove stated.

Remanded for further proceedings. No costs awarded.

WADE, McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, J., concurs in the result.